UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DICARLO DICKERSON
1111 51st Place NE
Washington, D.C. 20019,

       Plaintiff,

v.                                                                                                  Case No.: 1:23-CV-02119

AMERICAN COLLECTIONS ENTERPRISE INC.
C/O COGENCY. GLOBAL INC
1025 CONNECTICUT AVE NW # 712
WASHINGTON, D.C. 20036

AT&T MOBILITY LLC
C/O THE CORP. TRUST INC.
2405 YORK RD # 201
LUTHERVILLE TIMONIUM, MD 21093

AT&T SERVICES, INC.
C/O THE CORP. TRUST INC.
2405 YORK RD # 201
LUTHERVILLE TIMONIUM, MD 21093

COMMONWEALTH FINANCIAL SYSTEMS, INC.
CORPORATION SERVICE COMPANY
1090 VERMONT AVE NW #43
WASHINGTON, D.C. 20005

EQUIFAX INFORMATION SERVICES LLC
C/O CORPORATION SERVICE COMPANY
1090 VERMONT AVE NW # 430
WASHINGTON, D.C. 20005

EXPERIAN INFORMATION SOLUTIONS INC.
C/O C T CORPORATION SYSTEM
1015 15TH ST NW # 1000
WASHINGTON, D.C. 20005

TRANS UNION LLC
c/o Corporation Service Company
1090 Vermont Ave NW # 430
Washington, D.C. 20005

       Defendants.

1

## DEFENDANT AT&T SERVICES, INC. AND AT&T MOBILITY LLC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, AT&T Services, Inc. (AT&T) and AT&T Mobility, LLC (AT&TM) ("collectively "AT&T"), through counsel and pursuant to the Federal Rules of Civil Procedure, submit this Answer and Affirmative Defenses to the Complaint filed by plaintiff, DiCarlo Dickerson ("Plaintiff"), and states:

### PRELIMINARY STATEMENT

1. AT&T admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

### PARTIES TO THIS ACTION

2. AT&T admits the allegations in ¶ 2 upon information and belief.

3. The allegations in ¶ 3 are not directed towards AT&T and do not require a response.

4. AT&T admits only that it is a telecommunications company and wireless communications provider.

5. The allegations in ¶ 5 are not directed towards AT&T and do not require a response.

6. The allegations in ¶ 6 are not directed towards AT&T and do not require a response.

## FACTUAL ALLEGATIONS

7. AT&T denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. AT&T denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. AT&T denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. AT&T denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. AT&T denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein and states further that the referenced credit report speaks for itself and is the best evidence of its contents. To the extent plaintiff's credit report evidences an inquiry from AT&T, AT&T had a permissible purpose.

12. AT&T denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein and leaves plaintiff to his proofs.

### ACE Collection Account

13. The allegations in ¶ 13 are not directed towards AT&T and do not require a response.

14. The allegations in ¶ 14 are not directed towards AT&T and do not require a response.

15. The allegations in ¶ 15 are not directed towards AT&T and do not require a response.

16. The allegations in ¶ 16 are not directed towards AT&T and do not require a response.

17. The allegations in ¶ 17 are not directed towards AT&T and do not require a response.

18. The allegations in ¶ 18 are not directed towards AT&T and do not require a response.

19. The allegations in ¶ 19 are not directed towards AT&T and do not require a response.

20. The allegations in ¶ 20 are not directed towards AT&T and do not require a response.

21. The allegations in ¶ 21 are not directed towards AT&T and do not require a response.

22. The allegations in ¶ 22 are not directed towards AT&T and do not require a response.

23. The allegations in ¶ 23 are not directed towards AT&T and do not require a response.

24. The allegations in ¶ 24 are not directed towards AT&T and do not require a response.

## Illegal Inquiry from AT&T and CFS

25. AT&T denies the allegations in ¶ 25.

26. AT&T denies the allegations in ¶ 26 as written.

27. AT&T denies the allegations in ¶ 27 as written.

28. The allegations in ¶ 28 do not pertain to AT&T and thus an answer is not required of it.

29. AT&T denies the allegations in ¶ 29 as written and to the extent it calls for a legal conclusion.

30. AT&T denies the allegations in ¶ 30 as written and further denies the conduct attributed to it.

31. The allegations in ¶ 31 are not directed towards AT&T and do not require a response.

32. The allegations in ¶ 32 are not directed towards AT&T and do not require a response.

33. AT&T denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

## COUNT ONE: VIOLATIONS OF FDCPA

34. AT&T reasserts the foregoing as if fully set forth herein.

35. The allegations in ¶ 35 are not directed towards AT&T and do not require a response.

36. The allegations in ¶ 36 are not directed towards AT&T and do not require a response.

37. The allegations in ¶ 37 are not directed towards AT&T and do not require a response.

38. The allegations in ¶ 38 are not directed towards AT&T and do not require a response.

39. The allegations in ¶ 39 are not directed towards AT&T and do not require a response.

## COUNT TWO: VIOLATION(S) OF FCRA

40. AT&T reasserts the foregoing as if fully set forth herein.

41. The allegations in ¶ 41 are not directed towards AT&T and do not require a response.

42. AT&T denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. The allegations in ¶ 43 are not directed towards AT&T and do not require a response.

44. AT&T denies the allegations in ¶ 44.

45. AT&T denies the allegations in ¶ 45.

46. AT&T denies the conduct attributed to it and thus denies the allegations in ¶ 46.

47. AT&T denies the conduct attributed to it and thus denies the allegations in ¶ 47.

48. AT&T denies the allegations in ¶ 48.

## PRAYER FOR RELIEF

AT&T denies that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against AT&T upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of AT&T, or for whom AT&T is not responsible or liable.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

To the extent AT&T committed any violation, which it denies, such violation was not willful and was only negligent.

### FIFTH AFIRMATIVE DEFENSE

To the extent AT&T obtained plaintiff's credit report, AT&T had a permissible purpose for doing so.

WHEREFORE, AT&T services, Inc. requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: September 13, 2023                     Respectfully submitted,

                                              /s/ Aaron R. Easley
                                              Aaron R. Easley, Esq. (450292)

**Sessions, Israel & Shartle, LLC**
3 Cross Creek Drive
Flemington, NJ  08822-4938
Telephone No.: (908) 237-1660
Facsimile No.: (877) 334-0661
Attorney for Defendant,
AT&T Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

By:   /s/ Aaron R. Easley
      Aaron R. Easley, Esq.